**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND AND INTERNATIONAL TRAINING FUND, | ) ) ) ) |
| Plaintiff, | Case No. 2:14-cv-00436-GMN-GWF ) ) |
| vs. | **REPORT AND RECOMMENDATION** ) |
| ALL SEASONS INTERIOR AND EXTERIOR MAINTENANCE et al., | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant All Seasons Interior and Exterior Maintenance, Inc. (#23), filed on November 19, 2014.

**I.       Plaintiff's Motion for Default Judgment**

Pursuant to Federal Rule of Civil Procedure 55(b), a court has discretion to enter default judgment following the entry of default by the Clerk of the Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a court may consider (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure facing decisions on the merits (collectively, "the *Eitel* factors"). *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In making its determination, the court assumes that the factual allegations of the complaint are true, except those relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6) .

. . .

1 **1.      Prejudice to the Plaintiff**

2      Plaintiff will be prejudiced should a default judgment not be entered against the Defendant.

3 To the extent that the Defendant has failed to defend this action, Plaintiff will be left without a

4 judicial resolution of its complaint and the remedies it seeks if a default judgment is not entered in

5 its favor. *See Ringcentral, Inc. v. Quimby*, 711 F.Supp. 2d 1048, 1058 (N.D. Cal. 2010) (finding

6 that the defendant's failure to appear and otherwise defend the action left plaintiff without a remedy

7 if a default judgment was not entered).  Therefore, the first *Eitel* factor weighs in favor of entering a

8 default judgment against the Defendant.

9 **2.      Merits of the Claim / Sufficiency of the Complaint**

10      The second and third factors deal with whether the plaintiff has pled sufficient facts to

11 support a claim on which the plaintiff may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238

12 F.Supp 2d 1172, 1175-76 (C.D. Cal. 2002).

13 .      Plaintiff brings a claim for breach of contract against Defendant All Seasons.  Plaintiff has

14 sufficiently pled this claim in accordance with Federal Rule of Civil Procedure 8.  This claim

15 requires that the Plaintiff show that there was a valid contract, a breach by the defendant, and

16 damages as a result of the breach. *Tarr v. Narconon Fresh Start*, 2014 WL 6908487 at \*3 (D. Nev.

17 2014) (*citing Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F.Supp.2d 1271, 1274

18 (D. Nev. 2011).  Plaintiff alleges that there was a valid contract between Plaintiff and Defendant.

19 Specifically, the parties entered into the Master Labor Agreement, Residential Agreement, and

20 Participation Agreement. *Complaint*, (#1), ¶¶ 12, 13, 17, 22, 23.  The Defendant was responsible

21 for making contributions to the employees benefit programs based on the hours performed by each

22 employee. *Complaint*, (#1), ¶¶ 27-29.  Plaintiff then alleges that the Defendant breached its

23 contract by failing to make timely reports of all hours of covered labor and by failing to properly

24 contribute to the Trust Funds of the employees from July 2009 to March 2012. *Complaint*, (#1) ¶¶

25 28, 30.  Plaintiff alleged that the Defendant owed $34,934.84 in delinquencies. *Complaint*, (#1) ¶

26 40.  Taking the allegations in the complaint, excluding those relating to damages, as true, Plaintiff

27 has properly stated a claim for breach of contract.  Plaintiff has further demonstrated the merits of

28 its claim.  Therefore, the second Eitel and third factor weighs in favor of entering a default against

1   the Defendant.

2        **3.      Sum of Money at Stake**

3        The fourth *Eitel* factor balances the amount of money at stake in relation to the seriousness

4   of the defendant's conduct.  *See PepsiCo*, 238 F.Supp 2d at 1175-76.  Plaintiff seeks a judgment in

5   the amount of $75,945.16.  *Motion for Default Judgment*, (#23), p. 15.  Attorney's fees and

6   litigation costs constitute $52,685.40.  *Motion* (#23-12), Exhibit 11.  Plaintiff describes a series of

7   payments, fees, costs, and interest accrued in their Schedule of Amounts Due and Payments Made

8   to reach the requested total of $75,945.16.  *Motion* (#23-13), Exhibit 12.  Plaintiff describes the

9   initial series of costs and payments as follows:

```
                        1. Contributions                        $19,347.24
                        2. Liquidated Damages                   $ 2,735.72
                        3. Interest                             $ 5,218.88
                        4. Audit Fees                           $ 7,633.00
                        5. Attorneys fees and costs             $52,685.40
                        6. Total Due                            $87,620.54
                        7. Payment on 9/6/2013                  $    260.54
                        8. Payments on 10/3 and 10/4/13         $    312.67
                        9. Total Due                            $87,047.03
                        10. Interest from 10/5/13 - 7/10/14     $ 1,715.89
                        11. Payment on 7/11/14                  $13,000.00
                        12. Total Due and Owing                 $75,763.00
                        13. Interest from 7/12/14 - 10/15/14    $    182.24
                        14. Grand Total                         $75,945.16
```

*Motion*, (#23-13), Exhibit 12 (emphasis added).

When attorney fees and costs are subtracted from the total requested award, the remaining

amount of $23,259.76 constitutes the damages request.  Plaintiff has sufficiently established the

basis for these costs: Defendant All-Seasons' delinquent contributions, audit fees, liquidated

damages, and interest accrued.  *Motion*, (#23-11), Exhibit 10.  The Court will award the full

requested amount of damages.

Plaintiff argues that it is entitled to fees and costs under ERISA.  29 U.S.C. § 1132(g)(2)

provides that attorney's fees and costs shall be awarded in actions involving delinquent

contributions.  The award of attorney's fees is "mandatory."  *Trustees of Northern Nevada*

*Operating Engineers Health and Welfare Trust Fund v. Mach 4 Const., LLC*, 2013 WL 5276590 at

*1 (D. Nev. 2013) (citing *Operating Engineers Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d

1347, 1356 (9th Cir. 1990)).  Furthermore, the National Pension Fund's Trust Agreement provides that reasonable attorney's fees may be added to the obligation of the defaulting employer.  *Motion*, (#23-4), Exhibit 3, p.15.  Such clauses are enforceable due to "the federal labor policy of enforcing the parties' intent as expressed in their negotiated agreement."  *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nevada v. Marbella Flooring, Inc.*, 2012 WL 1354070 (D. Nev. 2012) (quoting *Waggoner v. Nw. Excavating, Inc.*, 642 F.2d 333, 339 (9th Cir. 1981)).

An award of attorney's fees in ERISA cases is calculated using the lodestar method. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990) (overruled on other grounds by *Burlington v. Dague*, 505 U.S. 557 (1992).  First, the Court must determine if the hours claimed by the Plaintiff were reasonably expended.  Plaintiff alleges they spent 276.69 hours preparing the motions and hearings in this matter.  *Motion*, (#23-12), Exhibit 11, p. 28.  In this matter, the Plaintiff was required to prepare a Complaint (#1), a Motion for Entry of Clerks Default (#12), a Response to a Motion for Summary Judgment (#16), and a Motion for Default Judgment (#23).  The initial action dealt with multiple defendants, all of whom appeared in the matter and some of whom contested the Plaintiff's allegations before they were dismissed from the action. The Court finds that the Plaintiff counsel's time spent was reasonably expended in this matter.

Plaintiff represents that its counsel charges either $185.00 or $200.00 per hour, and that such rates are reasonable in light of Plaintiff's counsel's experience and skill.  *Motion* (#23-14), Exhibit 13, p.12.  Plaintiff's counsel also charged $125.00 per hour for work performed by "KA." KA is not identified.  There is no explanation offered for the billing rate of $125.00 per hour for this person.  Plaintiff's counsel indicates that they bill $100.00 per hour for the work of law clerks, and $50.00 per hour for the work of staff.  The Court will reduce the fees charged for work performed by "KA" to the law clerk rate of $100.00, as that is the closest rate specifically identified by Plaintiff for the type of work performed by this person.  Plaintiff argues that similar rates have previously been approved in the District of Nevada.  *See Trustees*, 2012 WL 1354070 at *5, 14 (approving hourly rates of $275.00 per hour, $170.00 per hour, $100.00 per hour); *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, (9th

4

1    Cir. 2006) (approving hourly rates of $245.00 for partners and $120.00 - $185.00 for associates).

2    The Plaintiff represents that the fees charged in this matter are "substantially lower than market

3    rates for attorneys in the area." *Motion*, (#23-14), Exhibit 13, p. 16.  The Court finds that the

4    Plaintiff's proposed attorney fee rates are reasonable, excluding the aforementioned rate billed by

5    "KA." "KA" billed 4.1 hours, which, at $100.00 per hour, totals $410.00 dollars for her time

6    instead of the requested $512.50.  The Court will therefore reduce Plaintiff's attorney fee request

7    from $51,125.92 to $51,020.42.

8         The Plaintiff requests costs of $1,559.48.  Plaintiff represents that these costs included the

9    costs of Pacer access, copy fees, WestLaw fees, the Complaint filing fee, Process Service fees, and

10   shipping costs.  The Court finds that the Plaintiff's fee requests are reasonable, and will award the

11   full amount requested.  Because Plaintiff has demonstrated a statutory and contractual basis for

12   monetary relief, the fourth *Eitel* factor favors Plaintiff.

13        **4.      Possibility of a Dispute Concerning Material Facts**

14        Defendants have filed no answer to the complaint.  They were given the opportunity to

15   dispute the material facts of Plaintiff's Complaint, but chose not to do so.  Given the sufficiency of

16   the Complaint, the evidence presented by Plaintiff, and the Defendant's default, there are no factual

17   disputes that preclude the entry of default judgment.  The fifth *Eitel* factor weighs in favor of the

18   Plaintiff.

19        **5.      Excusable Neglect**

20        The sixth factor considers the possibility that the Defendant's default may have been the

21   result of excusable neglect.  *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp. 2d

22   916, 921 (C.D. Cal. 2010).  Defendant All Seasons was properly served on April 3, 2014.

23   *Summons* (#8).  Since that time, it has not appeared or taken any action regarding this case. The

24   possibility that this inaction by the Defendant is the result of excusable neglect is remote.  This

25   factor weighs in favor of Plaintiff.

26        **6.      Decision on the Merits**

27        The final *Eitel* factor weighs against Plaintiff and against default judgment.  "Cases should

28   be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  This

1    preference alone is not dispositve.  *See PepsiCo*, 238 F.Supp.2d at 1177.  Defendant's failure to

2    answer this action does not preclude default judgment, as it is not possible to determine a case on

3    its merits when the defendant does not participate.

4        Taking all of the *Eitel* factors into consideration, the undersigned recommends that

5    Plaintiff's motion for default judgment be granted.  Accordingly,

6                       **RECOMMENDATIONS**

7        **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (#23) be

8    **granted**.

9        **IT IS FURTHER RECOMMENDED** that Plaintiff be awarded $23,259.76 in damages,

10    $51,020.42 in attorney fees, and $1,559.48 in costs.

11

12                          **NOTICE**

13        Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

14    in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has

15    held that the courts of appeal may determine that an appeal has been waived due to the failure to

16    file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit

17    has also held that (1) failure to file objections within the specified time and (2) failure to properly

18    address and brief the objectionable issues waives the right to appeal the District Court's order

19    and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153,

20    1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

21        **DATED** this 22nd day of July, 2015.

22

23

24                    GEORGE FOLEY, JR.
                       United States Magistrate Judge

25

26

27

28